UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PETER D. MOONEY,

        Plaintiff,

        v.                                            Civil No. 08-6128-HA

                                                    OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

HAGGERTY, District Judge:

        Plaintiff Peter D. Mooney seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits (DIB). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is affirmed.

1- OPINION AND ORDER

## **STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

3- OPINION AND ORDER

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

**FACTS**

The relevant facts, which are drawn from the extensive administrative record and the ALJ's decision, are summarized here. Plaintiff was fifty years old at the time of the ALJ's hearing. Plaintiff earned a general equivalency diploma and has taken some community college courses. Plaintiff has past relevant work experience as a parking lot attendant. Plaintiff is a veteran and was honorably discharged from the armed services in 1991.

On April 30, 1996, plaintiff applied for, and was granted, DIB for disability related to personality and depression disorders. On January 1, 2001, these benefits were terminated due to plaintiff's performance of SGA.

On July 8, 2004, plaintiff filed the instant application for DIB, alleging disability beginning March 1, 2001, from physical and mental impairments including cervical and lumbar degenerative disc disease, shoulder bursitis, posttraumatic stress disorder (PTSD), and anxiety. Plaintiff's application was denied initially and on reconsideration. On December 19, 2006, the ALJ conducted a hearing at which she heard testimony from plaintiff, who was represented by counsel, and a vocational expert (VE).

On April 26, 2007, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Plaintiff subsequently initiated this action.

**SUMMARY OF ALJ'S FINDING**

At step one, the ALJ found that plaintiff had not engaged in SGA since his alleged

disability onset date. Tr. 15, Finding 2.[1]

At step two, the ALJ found that plaintiff had the following medically determinable severe impairments: cervical and lumbar degenerative disc disease, affective disorder, anxiety disorder without PTSD, and shoulder bursitis. Tr. 15, Finding 3.

At step three, the ALJ found that plaintiff's impairments, singly or in combination, did not meet or equal the requirements of any listed impairment. Tr. 16, Finding 4.

The ALJ determined that plaintiff has the RFC to perform medium exertion work activities with occasional climbing of ladders, ropes and scaffolds; occasional stooping, kneeling, crouching, and crawling; and limited reaching with his right arm. Tr. 16, Finding 5. Additionally, the ALJ determined that plaintiff should only have superficial contact with co-workers and the general public. *Id*.

At step four, the ALJ consulted with the VE and found that plaintiff was capable of performing his past relevant work as a parking lot attendant. Tr. 21, Finding 6. This finding made step five unnecessary.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to a number of alleged errors including: (1) improperly rejecting the opinion of a treating psychologist, and (2) failing to give great weight to the Department of Veterans Affairs' (VA) disability rating.

**1.    Treating Psychologist's Opinion**

Plaintiff argues that the ALJ erred in not giving controlling weight to the opinion of

---

[1] Tr. refers to the Transcript of the Administrative Record.

6- OPINION AND ORDER

treating psychologist, Rex W. Turner, Ph.D.

On July 11, 2003, Dr. Turner provided his opinion that plaintiff was not employable for the foreseeable future. Doctor Turner noted that "under the wrong circumstances, this veteran could easily be provoked to an explosive or violent outburst," and that "sending him to seek employment is an almost certain failure due to BOTH psychological and medical factors." Tr. 217.

As a treating medical expert, the opinion of Dr. Turner cannot be lightly disregarded. However, "it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)). The ALJ may reject the contradicted opinion of a treating or examining psychologist by stating specific and legitimate reasons, and may reject an uncontradicted treating or examining psychologist's opinion by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

In this case, the ALJ rejected the opinions of Dr. Turner, finding them to be unsupported by the facts in the VA records. Tr. 19. In particular, the ALJ noted that plaintiff had sustained work at the SGA level in 1998 and 1999, and at the time Dr. Turner provided his opinion, plaintiff was working about twenty hours per week doing landscape work through a VA rehabilitation program. Tr.19-20. Additionally, the ALJ found that reports of plaintiff's progress undermined Dr. Turner's opinion. The ALJ noted that by "February 2004, the claimant reported in his group counseling session that he was vastly improved and felt 'reborn.'" Tr. 20. The ALJ also found that reports of plaintiff's success in getting along with others, and the absence of

7- OPINION AND ORDER

reports of "unruliness or misbehavior" undermined allegations that plaintiff might be explosive or violent. Tr. 17. The reasons provided by the ALJ for rejecting the opinion of Dr. Turner were clear and convincing.

Plaintiff also alleges that the ALJ improperly rejected the Global Assessment of Functioning (GAF) scores assigned to plaintiff. The GAF scale is used to rate the psychological, social, and occupational functioning of a patient. *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 598 n.1 (9th Cir. 1999). However, the ALJ discussed the GAF scores in the record thoroughly, finding them to be inconsistent with one another, inconsistent with the opinions underlying them, and unsupported by evidence of severe impairment. The ALJ's rejection of the GAF scores is supported by substantial evidence in the record.

### 2.   VA Disability Rating

Plaintiff argues that the ALJ failed to give sufficient weight to the VA's disability rating. In May of 2004, plaintiff's disability rating was increased from 10 percent to 100 percent by the VA. Tr. 718-19. Ordinarily, the ALJ must give "great weight" to the disability rating of the VA. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citations omitted). However, "a VA rating of disability does not necessarily compel the [Social Security Administration] to reach an identical result," and an ALJ may give less weight to a VA disability rating if she "gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* (citations omitted).

The ALJ acknowledged the *McCartey* standard and the VA's disability rating. Tr 17. However, the ALJ found the VA disability rating to be unsubstantiated, and as a result declined to afford it great weight. In refuting the VA disability rating, the ALJ cited the administrative record extensively, focusing on reports of plaintiff's progress, daily activities, work history, and

8- OPINION AND ORDER

unremarkable medical findings. Tr. 17-21. The ALJ found that "the underlying premise that the claimant was unable to hold down a job due to his mental impairments is not corroborated by the record as a whole." Tr. 19. This court finds the reasons provided by the ALJ in rejecting the VA disability rating to be persuasive, specific, and valid. As such, the ALJ's decision must be upheld.

## **CONCLUSION**

Based on the foregoing, this court concludes that the findings of the Commissioner are based upon correct legal standards and are supported by substantial evidence existing in the record. The Commissioner's decision denying Peter D. Mooney's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this  24   day of February, 2009.


          /s/ Ancer L. Haggerty
          Ancer L. Haggerty
          United States District Judge

9- OPINION AND ORDER