FILED'11 MAR 08 12:39USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PETER MOONEY,                                               Civil No. 08-6128-HA

    Plaintiff,                                                    ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

    Defendant.

HAGGERTY, District Judge:

    Following the Mandate from the Ninth Circuit Court of Appeals, this court entered a Judgment remanding this matter to the Commissioner for further proceedings. After the remand, plaintiff was awarded benefits.

    On August 4, 2010, this court granted plaintiff a fee award of $9,286.55 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff's counsel now moves for an award of attorney fees out of plaintiff's retroactive benefits award in the amount of $10,277.87. Mem. in Supp. of Pl.'s Mot. for Att'y Fees ("Mem.") at 1. Although defendant does not object to the proposed award, this court is required to perform an independent check to ensure that the award is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

1 - ORDER

## ANALYSIS

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A § 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id.* Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

### A. Fee Agreement

Under *Gisbrecht*, the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap. Plaintiff's counsel and her client executed a contingent-fee agreement, providing that counsel's fee would be the greater of: (1) twenty-five percent of any past-due benefits received, or (2) any EAJA attorney fee award obtained. Mem. at Ex. B. The terms of this agreement are within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed § 406(b)'s twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to the claimant. Plaintiff's counsel presents a letter from the Commissioner indicating that plaintiff should set aside $10,277.87 from the check issued to him to reflect counsel's request for a twenty-five percent fee award. Mem. at Ex. A. Counsel now seeks approval of this award.

Fee agreements that do not result in an award exceeding twenty-five percent of the benefits awarded to the claimant may be upheld if it can be determined that the fee agreement is reasonable. *Gisbecht*, 535 U.S. at 807. This court notes with approval the careful analysis

provided by Magistrate Judge Acosta, who recognized that "a twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Comm'r*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). After determining that the fee agreement and the amount requested is in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Id.* at 10; *see also* 42 U.S.C. § 406(b)(1)(A).

### B.  Reasonableness factors

The burden rests with the claimant's counsel to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. Although the court must acknowledge the "primacy of attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" can be rejected. *Id.* at 793, 807. Therefore, the court may reduce a contingent fee if the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time the attorney spent on the case. *Id.* at 808. In making this determination, the court should consider: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall. *Crawford v. Astrue*, 586 F.3d 1142, 1151-53 (9th Cir. 2009).

#### 1.  The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. The record in this case provides no basis for a reduction in the requested § 406(b) fee due to the character of counsel's

3 - ORDER

representation. Plaintiff's counsel presented sound arguments justifying a remand in the action that were opposed by defendant in this court and the Ninth Circuit.

### 2. Results Achieved

Plaintiff's counsel obtained a remand order from the Ninth Circuit that ultimately led to an award of benefits for her client at the remand hearing. Although plaintiff's counsel obtained a successful result, this fact should not be viewed in isolation, and does not require a fee award for the full twenty-five percent. *See Dunnigan*, 2009 WL 6067058, at *12.

### 3. Delays

A court may reduce a § 406(b) award for delays in proceedings attributable to the claimant's counsel. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Counsel received three short extensions for filing plaintiff's opening brief, filing the reply brief on appeal, and for her appellate oral argument. No evidence in the record suggests that the request improperly delayed this case. Accordingly, a reduction of counsel's fee request is unwarranted under this factor.

### 4. Proportionality

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

Plaintiff's counsel litigated a complex application for Social Security benefits that was disputed by the Commissioner. She claims to have worked 54.5 hours on this case. Mem. at 7, Ex. C. The court recognizes that counsel undertook some risk in agreeing to represent plaintiff on a contingency basis, and acknowledges that she successfully obtained benefits for her client in

4 - ORDER

a matter that required skill and expertise. After examining the docket, the briefing presented, and the hours claimed by counsel, this court concludes that counsel has made an adequate showing that a fee award of twenty-five percent of claimant's retroactive benefits is reasonable.

Defendant has notified this court that plaintiff's counsel is currently holding the requested fee in trust for plaintiff. Def. Resp. at 2. The court therefore authorizes plaintiff's counsel to collect the $10,277.87 fee award from those funds.

**CONCLUSION**

For the reasons stated, counsel's Motion for Attorneys Fees [47] is granted. Counsel is authorized to collect the $10,277.87 fee award from the funds she is currently holding in trust for plaintiff. Counsel's EAJA fee award of $9,286.55 must be subtracted from the § 406(b) fee award.

IT IS SO ORDERED.

DATED this 7 day of March, 2011.

Ancer L. Haggerty
United States District Judge

5 - ORDER